IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY TYRONE JOHNSON,<br>ID # 18572-509,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-CV-2999-E<br>(No. 3:20-CR-559-E-1) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Movant Anthony Tyrone Johnson's *Verified Amended Petition for Writ of Habeas Corpus* under 28 U.S.C. § 2255, filed on January 6, 2025 (Doc. 10), and the *Government's Motion to Dismiss 28 U.S.C. § 2255 Motion as Time-Barred*, filed on April 27, 2026 (Doc. 22).  Based on the relevant filings and applicable law, the Court **GRANTS** the Government's motion to dismiss Movant's amended § 2255 motion, **DENIES** Movant's amended § 2255 motion, and **DISMISSES WITH PREJUDICE** this action as barred by the statute of limitations.

### I.  BACKGROUND

After first being charged by complaint, indictment, and three superseding indictments, Movant was charged by a fourth superseding indictment with 14 criminal counts relating to sex trafficking, prostitution, and obstruction.  *See* Crim. Docs. 1, 3, 40, 114, 131, 215.  On May 10, 2022, Movant pled guilty under a plea agreement to one count of conspiracy to engage in sex trafficking by force, fraud, and coercion, and one count of sex trafficking through force, fraud, and coercion.  *See* Crim. Docs. 330, 332.  By judgment dated January 20, 2023, the Court sentenced Movant to 300 months' imprisonment on each count, to be served concurrently for a total aggregate term of 300 months' imprisonment and to be followed by a life term of supervised release.  *See* Crim. Doc. 398.  On direct appeal, appellate counsel filed a brief under *Anders v. California*, 386

U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal on August 28, 2023. *See United States v. Johnson*, No. 23-10086, 2023 WL 5532198 (5th Cir. Aug. 28, 2023). Movant did not file a petition for a writ of certiorari with the Supreme Court.

On November 29, 2024, Movant filed his original motion to vacate sentence under § 2255. *See* Doc. 1. Because the original § 2255 motion appeared to be untimely, the Court ordered Movant to respond regarding the application of the one-year limitations period for § 2255 motions. *See* Doc. 6. In his response to the Court's order, Movant argues that his § 2255 motion is not time-barred because: (1) it is either timely or tolled due to "the state-created impediments on [Movant's] right to assist in his criminal case and communicate with his attorney"; (2) he is entitled to equitable tolling; and, alternatively, (3) it is timely based on the discovery date of certain conditions of confinement at his federal unit of incarceration in Victorville, California. Doc. 9 at 7; *see also id.* at 5-13.[1] The same day, Movant filed the pending amended § 2255 motion. *See* Doc. 10. In it, Movant asserts that his trial counsel rendered constitutionally ineffective assistance, resulting in an involuntary guilty plea and involuntary appeal waiver, and that his conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment. *See id.* at 28-39.

On April 27, 2026, the Government filed the pending motion to dismiss Movant's amended § 2255 as barred by the statute of limitations. *See* Doc. 22. Movant did not file a response.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*v. United States*, 545 U.S. 353, 354 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[2]

Under § 2255(f)(1), Movant's convictions became final on November 26, 2023,[3] when the 90-day period for filing a certiorari petition with the Supreme Court expired following the Fifth Circuit's dismissal of Movant's appeal on August 28, 2023.[4]  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits

---

[2]  Throughout his response to the Court's order regarding limitations and the amended § 2255 motion, Movant cites to and relies on 28 U.S.C. § 2244(d) to support his arguments regarding timeliness.  *See* Doc. 9 at 6-9, 12-13; Doc. 10 at 20-24, 27-28.  The limitations provision of § 2244(d) applies habeas petitions brought under 28 U.S.C. § 2254 "by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d).  Movant is challenging a federal conviction under § 2255 in this habeas action.  *See generally* Doc. 10.  Although the Court need not liberally construe the filings of a counseled party, the Court assumes *arguendo* that Movant intended to raise his limitations arguments under the limitations provision applicable to § 2255 motions, 28 U.S.C. § 2255(f).  *See Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010) ("Although we liberally construe pro se pleadings, we do not afford such latitude to pleadings prepared by counsel.").

[3]  According to Movant, the judgment became final eight days earlier, on November 18, 2023.  *See* Doc. 10 at 22.

[4]  Although an amended judgment adding restitution was entered on December 1, 2023, the Fifth Circuit has held that an amended judgment that does not affect the finality of a criminal conviction does not restart the clock for the § 2255 statutory limitations period.  *See, e.g.*, *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015), *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015).  Movant does not contend otherwise.

3

on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). A timely § 2255 motion under § 2255(f)(1) therefore must have been filed by November 26, 2024.

Regarding § 2255(f)(2), Movant argues that his § 2255 motion is timely because "the State of Texas, by and through its authority over the Federal Penitentiary located at Victorville, 13777 Air Expressway Boulevard, Victorville, CA 92394, meaningfully and persistently inhibited [Movant] from vindicating his constitutional right to assist in his own case where the conditions of his confinement restricted his ability to consult with his lawyer or receive information or updates about his case, resulting in the prevention of his ability to file his petition until November 29, 2024." Doc. 9 at 7-8; Doc. 10 at 22-23. He states that he was on lockdown for eight out of fourteen months, with no access to the phone, law library, or any mail. *See* Doc. 9-1 at 5. Specifically, he did not receive correspondence sent to him by counsel on four dates in 2024—March 25, April 5, October 1, and November 26—and the last letter he sent to counsel was in January 2024. *See id.* Even while on lockdown, he had limited access to send outgoing mail, though he did not always have access to the materials to do so. *See id.* at 6. He asserts that this lack of access inhibited his habeas counsel's "ability to edit and revise the habeas petition, receive my feedback about the factual allegations and legal strategy asserted, or simply keep me updated on the status of my case." *Id.*; Doc. 10 at 24.

As an initial matter, Movant provides no factual allegations—much less evidence—to explain or substantiate his contention that the State of Texas has any authority over, or indeed, plays any role in, the operations of a federal penitentiary located in California. Second, Movant purports to support his factual allegations with a declaration made under penalty of perjury. *See generally* Doc. 9-1. The declaration is neither signed nor dated, however; it therefore fails to

satisfy the requirements of an unsworn declaration under 28 U.S.C. § 1746 and does not constitute competent evidence that the Court is required to consider. *See id.* at 7; *Hart v. Hairston*, 343 F.3d 762, 764 at n.1 (5th Cir. 2003) (recognizing that a sworn declaration under § 1746 constitutes competent evidence).

Even disregarding these deficiencies, Movant's argument for a limitations period under § 2255(f)(2) still fails. Although the "types of impediments contemplated [by § 2255(f)(2)] include prisons restricting prisoners' access to law libraries, legal assistance, or legal materials," as generally alleged by Movant here, Movant must also show that such restrictions actually prevented him from filing a timely § 2255 motion. *United States v. Henderson*, No. 07-232, 2024 WL 4443970, at *2 (E.D. La. Oct. 7, 2024) (citations omitted); *see also Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Movant has not made this showing. Here, Movant hired his present habeas counsel in June 2023 "to review his file and evaluate his post-conviction options." Doc. 9 at 4; Doc. 10 at 4. His habeas counsel "finished the review and advised [Movant] that he may possess meritorious claims based on ineffective assistance of counsel" of which Movant was unaware until habeas counsel so informed him. *Id.*; *see also* Doc. 10 at 26. It was after this point that Movant "then made great efforts to participate and assist" habeas counsel and was allegedly restricted in those efforts. Doc. 10 at 26. In short, the filings show that, prior to any of Movant's alleged impediments, habeas counsel had been retained, finished reviewing Movant's file, and advised Movant of purported meritorious claims of ineffective assistance of counsel. Given these circumstances, the Court finds that Movant fails to show that the alleged impediments actually prevented a timely filing of his § 2255 motion.[5] A limitations period under § 2255(f)(2) therefore

---

[5] As the Court has noted, Movant contends that alleged impediments hindered his habeas counsel's "ability to edit and revise the habeas petition, receive [his] feedback about the factual allegations and legal strategy asserted, or simply keep [him] updated on the status of [his] case." Doc. 9-1 at 6; Doc. 10 at 24. He provides no facts or evidence to support these conclusory allegations; he does not explain the edits, revisions, or feedback he was unable

does not apply.

Movant does not identify any right newly recognized by the Supreme Court for purposes of § 2255(f)(3).  *See* 28 U.S.C. § 2255(f)(3).  Regarding § 2255(f)(4), Movant asserts a claim for the first time in his amended § 2255 motion challenging the alleged unconstitutional conditions of his confinement at his unit of incarceration to trigger a later limitations period under § 2255(f)(4). *See* Doc. 9 at 12-; Doc. 10 at 27-28.  His effort is unavailing.  Movant's allegations challenging the conditions of his confinement do not challenge the fact or duration of his confinement and therefore are not cognizable in a § 2255 habeas action; instead, such claims are properly raised in non-habeas civil rights actions.  *See, e.g.*, *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007).  Movant's discovery of facts supporting a non-habeas civil claim therefore has no bearing on the facts supporting his cognizable habeas claims, i.e., the alleged ineffectiveness of his trial counsel, for purposes of § 2255(f)(4).  Movant therefore fails to make a showing that a limitations period under § 2255(f)(4) applies here.

Because the date Movant's conviction became final under § 2255(f)(1) is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, November 26, 2023.  Movant did not file his original § 2255 motion until one year and three days later, so this habeas action is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

**A.  Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  "The doctrine of equitable tolling preserves a

---

to provide or how such lack prevented his free-world habeas counsel from timely filing a § 2255 motion.

[party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A habeas movant is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant seeks equitable tolling on the same grounds on which he argued application of § 2255(f)(2) to his statutory limitations period. *See* Doc. 9 at 9-12; Doc. 10 at 24-27. As the Court has explained, before the occurrence of any of the impediments that Movant alleges prevented a timely filing, Movant had retained habeas counsel, habeas counsel had completed reviewing Movant's file, and habeas counsel had advised Movant about his purported meritorious claims of ineffective assistance of counsel. *See* Doc. 9 at 4, 11-12; Doc. 10 at 4, 26-27. Further, aside from conclusory and unsubstantiated assertions, he fails to show how any alleged impediment or restriction imposed on Movant at his unit of incarceration prevented his free-world, retained habeas counsel from filing a timely § 2255 motion. These circumstances are not "rare and exceptional" such that equitable tolling is warranted. *Patterson*, 211 F.3d at 930.

Because Movant's allegations fail to show the existence of any rare and exceptional

7

circumstance preventing the filing of a timely § 2255 motion, he has not carried his burden to establish entitlement to equitable tolling.

## B. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *Id.* at 386. A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable factfinder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *See id.* "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (quoting *McQuiggin*, 569 U.S. at 401 and citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Movant does not allege that he is actually innocent of his offenses of conviction, and his claims do not present evidence of actual innocence. Accordingly, he is not entitled to the actual-innocence exception to the applicable limitations period, and this habeas action is time-barred.

### III.  CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Government's motion to dismiss Movant's amended § 2255 motion (Doc. 22), **DENIES** Movant's amended § 2255 motion (Doc. 10), and **DISMISSES WITH PREJUDICE** this action as barred by the statute of limitations.

**SO ORDERED** this 21st day of May, 2026.

_____
**ADA BROWN**
**UNITED STATES DISTRICT JUDGE**